UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-299-RJC-DSC

| | |
|---|---|
| INTERNATIONAL BOTTLED WATER ASSOCIATION,<br>      Plaintiff,<br><br>v.<br><br>ECO CANTEEN, INC.,<br>      Defendant. | ORDER |

**THIS MATTER** is before the Court pursuant to defendant's motion to dismiss for lack of jurisdiction (Doc. No. 18), plaintiff's response (Doc. No. 24), and defendant's reply (Doc. No. 25). The Magistrate Judge issued a memorandum and recommendation ("M&R"), recommending that the motion to dismiss be denied. (Doc. No. 30). Defendant objected (Doc. No. 39), and plaintiff filed a reply (Doc. No. 45). For the reasons stated below, the Court denies defendant's motion to dismiss.

**I.  BACKGROUND**

Eco Canteen does not object to any specific findings of fact as set forth in the M&R, and the Court adopts and reiterates those facts as follows:

> Defendant Eco Canteen, Inc. ("Eco Canteen") is in the business of selling reusable stainless steel water bottles. In December 2008, Eco Canteen began marketing its bottles through direct-response commercials appearing on television and the internet. In its advertisements, Eco Canteen highlighted specific concerns with polycarbonate water bottles, which contain Bisphenol-A ("BPA"), and with "single-use" plastic bottles made with polyethylene terephthalate ("PET"). Additionally, Eco Canteen's advertising underscored the cost and environmental impact of bottled water.
> Plaintiff International Bottled Water Association ("IBWA"), is an association of bottled water producers, distributors and suppliers in the United States and around

1

the world. In May 2009, Joseph Levitt, counsel for IBWA, contacted Eco Canteen to lodge its objections to the advertising campaign and requested that Eco Canteen immediately cease and desist from making such claims. On May 14, 2009, Eco Canteen's counsel, Gary Hailey, contacted Levitt, and informed him that Eco Canteen was editing a new television commercial and the new advertisement would be completed and disseminated to replace the current spot within 30 days.

In June 2009, not noticing any significant changes to Eco Canteen's commercials, IBWA filed a complaint with the National Advertising Division of the Council of Better Business Bureaus ("NAD") regarding the purportedly false and misleading nature of Eco Canteen's advertising claims. The NAD provides a private forum for resolving complaints regarding national advertisements. In addition to filing the complaint with the NAD, IBWA issued a press release regarding IBWA's NAD challenge. The NAD rules and procedures forbid a party from publicizing a challenge or attempting to use the outcome of a NAD challenge for competitive advantage.

. . .

Both parties were informed by NAD staff that because IBWA had issued a press release contrary to the NAD rules, the NAD proceeding would be closed unless the parties expressly consented to continuing with the NAD's review of Eco Canteen's advertising materials. Although the parties dispute who initiated the telephone conversation, they agree that they had a conversation on or around June 25, 2009 to discuss the NAD challenge and whether Eco Canteen would consent to going forward with the NAD review of Eco Canteen's advertising materials. In Levitt's affidavit he states that during this telephone conversation he advised Hailey that "IBWA needed a clear answer one way or another, and requested Eco Canteen's response by the following Tuesday, June 30." Declaration of Joseph A. Levitt ("Levitt Decl.") at ¶ 8. This statement is supported by the e-mail Levitt sent to Hailey on Thursday, June 25, 2009 at 8:10 p.m. which states, "Gary–Sure here it is [copy of NAD letter]. I had a copy ready in case you asked. Per discussion, would appreciate feedback by Tuesday. Joe Levitt". Affidavit of Gary D. Hailey ("Hailey Aff.") at Ex. A; Levitt Decl. at Ex. 1. On June 30, Levitt sent an email to Hailey at 6:20 p.m. which states, "Gary–Per my voice message, following our detailed conversation, I conferred with my client, who feels at this stage we will need a formal adjudication, either at the NAD or elsewhere. Please confer with your client and advise me by tomorrow if your client is willing to consent to the NAD process. Thank you for your prompt attention. Joe". Hailey Aff. at Ex. B; Levitt Decl. at Ex. 2. On June 30 at 18:30:24 [6:30p.m.], Hailey replied to Levitt's message stating, "Joe–I've passed this on to my clients–I'm running out now, but will speak with them tomorrow when I get in (after a morning doctor's appointment). Gary". Hailey Aff. at Ex. C; Levitt Decl. at Ex. 3. Levitt states in his affidavit that he left Hailey a voicemail on the afternoon of Wednesday, July 1, 2009 indicating that IBWA would presume that Eco Canteen did not consent to the NAD review if it did not accept by the end of the day. Levitt Decl. at Ex. 3. Hailey does not recall receiving this

2

voicemail. Declaration of Gary D. Hailey at ¶ 5. On July, 1, 2009 at 4:13 p.m., Levitt sent Hailey a response email stating, "Gary-Any feedback? Joe". Hailey Aff. at Ex. C; Levitt Decl. at Ex. 3. On July 1, 2009 at 4:21 p.m., Hailey replied stating, "I'm sure we'll make a decision by tomorrow at the latest. Regardless of what that decision is, we are moving forward with some additional changes to the advertising." Id.

On July 2, 2009 around 1:00 p.m., Hailey left a voicemail for Levitt indicating that Eco Canteen consented to proceed with the NAD review. Hailey Aff. at ¶ 14. Levitt states in his affidavit that he did not return Hailey's voicemail because he had turned the matter over to the litigation team. Levitt Decl. at ¶ 12. On July 9, 2009, Steven Hollman, a litigation attorney for IBWA, notified Eco Canteen that

> Accordingly, as you know, we have initiated a proceeding before the National Advertising Division ("NAD") of the Better Business Bureau challenging Eco Canteen's false and misleading statements. As we previously communicated to you, we regard the NAD proceeding as an efficient, cost-effective method for the parties to resolve this dispute, and we appreciate your client's stated willingness to participate. However, IBWA cannot permit Eco Canteen to use the pendency of the NAD proceeding as an excuse for continuing to run its deceptive advertisements. Consequently, IBWA will continue to participate in the NAD proceeding if, and only if, Eco Canteen agrees immediately to halt its advertising campaign featuring any of the false or misleading claims during the period of NAD's review. . . . If Eco Canteen's certifies by July 13 that it has halted the advertising campaign pending NAD review, then we will leave for NAD the determination as to whether Eco Canteen can provide adequate substantiation for its claims. If we do not receive Eco Canteen's certification by July 13, then we will have no choice but to conclude that Eco Canteen would prefer for IBWA to pursue appropriate judicial remedies, and we will so notify NAD.

Hailey Aff. at Ex. G.

On July 14, 2009, Hailey sent Hollman three e-mails regarding revisions to the Eco Canteen advertisements. Hailey Aff. at Ex. H, I and J. On July 17, 2009 at 5:18 p.m., Hailey sent Hollman an e-mail asking for feedback on the revised ads and stating "please also advise us as to the status of the NAD matter." Hailey Aff. at Ex. K. On July 21, 2009, Hollman replied to Haley's e-mail stating, "I received your message. I am in trial this week. Robert Wolinsky will be in touch with you." Hailey Aff. Ex. L. That same day IBWA filed the current lawsuit.

(Doc. No. 30 at 2-3, 5-8).

3

Eco Canteen filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the parties entered into a valid, enforceable agreement to arbitrate this dispute before the NAD. The Magistrate Judge recommended denying Eco Canteen's motion because the parties never entered an agreement to arbitrate. Instead, the Magistrate Judge found that Eco Canteen did not accept IBWA's offer within the time fixed for acceptance, which ended on July 1, 2009. The Magistrate Judge further concluded that Eco Canteen's offer on July 2, 2009 was a counter-offer, which was countered by IBWA on July 9, 2009. Eco Canteen did not accept the terms of IBWA's July 9 offer; therefore, the parties never reached a meeting of the minds. Defendant filed objections to the M&R, which are now ripe for review.

## II.    STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly

the Court has conducted a careful review of the Magistrate Judge's M&R.

## III. DISCUSSION

### A. Plaintiff's offer and defendant's counter-offer

Eco Canteen first "objects" to the Magistrate Judge's alleged conclusion that IBWA's offer to arbitrate before the NAD was revoked by IBWA before it was accepted by Eco Canteen on July 2, 2009. However, the Magistrate Judge never concluded that IBWA revoked its offer. Instead, the Magistrate Judge concluded that IBWA's offer expired on July 1, 2009, based on emails and communications between Hailey and Levitt. Eco Canteen did not accept IBWA's offer within the time limit, but instead made a counter-offer on July 2, 2009. Eco Canteen's counter-offer was never accepted by IBWA. After reviewing the Magistrate Judge's findings of facts and conclusions of law, the Court affirms the Magistrate Judge's conclusions that IBWA's offer expired on July 1, 2009 and Eco Canteen's counter-offer on July 2, 2009 was never accepted.

### B. Waiver

Eco Canteen contends that the M&R "erroneously overlooks" the fact that IBWA waived the July 1, 2009 deadline. Eco Canteen argues that it reasonably believed the offer was not time limited based on the course of dealings between the parties. Eco Canteen also argues that IBWA acquiesced to Eco Canteen's late acceptance through its failure to respond immediately after Eco Canteen made its offer. Finally, Eco Canteen argues that the wording used in IBWA's July 9, 2009 letter shows that the parties reached an agreement to arbitrate.

#### 1. Course of dealings between the parties

Eco Canteen argues that it did not have any reason to think that its request to have a second extension would be denied, in light of IBWA's first agreement to extend the offer deadline by one

day. However, Eco Canteen cites no legal authority to support its position that IBWA's agreement to extend the offer one time by one day would preclude it from imposing a new deadline. Furthermore, the circumstances surrounding the first scenario were different from the second scenario. The first scenario involved an explicit extension with a deadline granted by IBWA. The second scenario did not include an explicit extension, and Eco Canteen merely assumed IBWA would allow an answer after the previously determined deadline. Under a course of dealing analysis, IBWA never allowed an extension in the past without first offering the extension. Therefore, the parties' previous course of dealing does not support Eco Canteen's argument.

    2.    IBWA's silence

Eco Canteen also argues that IBWA's failure to respond to Eco Canteen's July 2, 2009 offer indicates that plaintiff acquiesced to Eco Canteen's late acceptance. An offeror may assume that silence indicates assent to an offer: (1) where the offeree takes the benefit of the goods or services; (2) where the offeree has given the offeror reason to understand that silence was intended as a manifestation of assent; or (3) where the offeree takes possession of property that has been offered to him. Anderson Chevrolet/Olds, Inc. v. Higgins, 292 S.E.2d 159, 162 (N.C. Ct. App. 1982). An offeror may also waive the time limit of acceptance by performing the contract. Carver v. Britt, 85 S.E.2d 888, 891 (N.C. 1955). None of these circumstances apply here. The contract was never performed, and Eco Canteen has produced no evidence to show that it had reason to think IBWA's silence should be regarded as an assent.

    3.    IBWA's July 9, 2009 letter

Last, Eco Canteen argues IBWA's July 9, 2009 letter indicates it waived the July 1, 2009 deadline. The letter was sent seven days after Eco Canteen made its counter-offer. The letter states:

> IBWA will continue to participate in the NAD proceeding if, and only if, Eco Canteen agrees immediately to halt its advertising campaign featuring any of the false or misleading claims during the period of NAD's review.... If Eco Canteen certifies by July 13 that it has halted the advertising campaign pending NAD review, then we will leave for NAD the determination as to whether Eco Canteen can provide adequate substantiation for its claims. If we do not receive Eco Canteen's certification by July 13, then we will have no choice but to conclude that Eco Canteen would prefer for IBWA to pursue appropriate judicial remedies, and we will so notify NAD.

(Doc. No. 20-7 at 3-4). In this letter, IBWA did not accept Eco Canteen's July 2, 2009 offer to continue participation in the NAD proceeding. Instead, IBWA countered the offer, requiring Eco Canteen to halt its advertising by July 13, 2009. Eco Canteen argues that IBWA's use of the phrase "continue to participate in the NAD proceeding" should signal that the parties had agreed to participate in the NAD proceeding. Eco Canteen interprets this phrase out of context. As IBWA states in its brief, "[t]he use of the word 'continue' does not provide some reference to IBWA's 'continued participation' between July 2, 2009 and July 9, 2009 - it merely acknowledges that a proceeding had been initiated and could be continued if the parties reached an agreement to do so." (Doc. No. 45 at 12).

The Court finds that the July 9, 2009 letter was IBWA's counter-offer to Eco Canteen's July 2, 2009 offer. Eco Canteen did not accept IBWA's offer. IBWA never waived the July 1, 2009 deadline for Eco Canteen to accept the offer. Therefore, the Court adopts the Magistrate Judge's findings of fact and conclusions relating to the July 9, 2009 letter.

**IV.  CONCLUSION**

**IT IS, THEREFORE, ORDERED** Defendant's motion to dismiss (Doc. No. 18) is **DENIED**.

Signed: March 5, 2010

Robert J. Conrad, Jr.
Chief United States District Judge